IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JUAN CARLOS MENA,

        Plaintiff,

vs.

AMERICAN HONDA FINANCE
CORPORATION,

        Defendant.

_____/

[formerly Circuit Court
for Palm Beach County,
Florida, Case No.: 2018CA
006511XXXXMB]

## NOTICE OF REMOVAL

Defendant, AMERICAN HONDA FINANCE CORPORATION ("AHFC"), hereby removes Case No. 2018CA006511XXXXMB, from the Circuit Court, Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, to the United States District Court, Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and states:

### I.    Statement of Case[1]

1. On or about May 29, 2018, Plaintiff filed a Complaint in the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, styled *Juan-Carlos Mena v. American Honda Finance Corp.*, Case No. 2018CA006511XXXXMB (the "State Court Action" and the "Complaint"). A copy of the Complaint is attached hereto as **Exhibit B**.

2. The Complaint purports to assert a cause of action for discriminatory lending, under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691-1691f, by AHFC when it provided financing to the Plaintiff for the purchase of an automobile in 2015.

3. On June 5, 2018, a Return of Service was filed in the State Court Action, which indicated that service was perfected against AHFC on June 1, 2018. A copy of the Return of

---

[1] A copy of the docket from the State Court Action is attached hereto as **Exhibit A**.

Service is attached hereto as **Exhibit C**. The service, however, was insufficient because Plaintiff failed to comply with Section 48.081, Fla. Stat., when he attempted to perfect service by serving an individual associated and/or employed by a car dealership that has no affiliation or relationship with AHFC.

4.  Apparently understanding that his first service attempt was improper, on July 24, 2018, Plaintiff sent a letter to AHFC in a second failed attempt to perfect service. A copy of the July 24, 2018 letter is attached hereto as **Exhibit D**. This second attempt at service failed to comply with Section 48.081, Fla. Stat., due to Plaintiff mailing a letter to AHFC instead of serving process on any of the designated individuals able to accept service on behalf of AHFC under Section 48.081, Fla. Stat.

5.  On August 21, 2018, the undersigned filed a Notice of Appearance in the State Court Action on behalf of AHFC. A copy of the Notice of Appearance is attached hereto as **Exhibit E**.

6.  On August 24, 2018, AHFC filed a Motion to Quash Service in the State Court Action. A copy of the Motion to Quash Service is attached hereto as **Exhibit F**.

7.  On November 5, 2018, following a hearing on AHFC's Motion to Quash Service, the court in the State Court Action granted the motion. Specifically, the court held that both of Plaintiff's prior attempts at service—i.e., the June 1, 2018 service of process and the July 24, 2018 letter—were improper. The court also held that AHFC's counsel had accepted service of process on behalf of AHFC. Accordingly, service of process was perfected on AHFC on November 5, 2018, thereby making AHFC's deadline to remove December 6, 2018.[2] A copy of the court's Order on Defendant's Motion to Quash Service is attached hereto as **Exhibit H**.

---

[2] AHFC had originally calculated its deadline to remove, based on the order in the State Court Action, as December 5, 2018. But on December 3, 2018, this Court entered Administrative Order 2018-92, which

8.      On November 21, 2018, AHFC filed a motion for extension of time to respond to the Complaint. On November 26, 2018, Plaintiff filed a motion requesting the court to deny AHFC's motion for extension of time. A copy of AHFC's motion for extension of time and Plaintiff's motion in response is attached hereto as **Exhibit I**. Other than the motion for extension of time, AHFC has not taken any other action in the State Court Action, and there are no other pending motions in the State Court Action.

II.     **Federal Question Jurisdiction under 28 U.S.C. § 1331**

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises, of the United States."

10.     The Complaint in the State Court Action alleges that AHFC committed discrimination against the Plaintiff based on his race when it imposed a higher than normal interest rate on an automobile loan it provided to Plaintiff. Critically, the ECOA prohibits a creditor from discriminating against any applicant, with respect to any aspect of a credit transaction, because of the applicant's race. *See* 15 U.S.C. § 1691(a)(1); Regulation B, 12 C.F.R. §§ 1002.4(a), 1002.6(b)(9). And, as pled in the Complaint, Plaintiff is attempting to use the State Court Action to bring the same allegations under the ECOA that were asserted against AHFC in a federal lawsuit also brought under the ECOA. *See* **Exhibit B**, ¶ 5. Thus, this action states a basis for original subject matter jurisdiction under 28 U.S.C. § 1331, and thus this removal is made pursuant to 28 U.S.C. § 1441(a).

---

designated December 5, 2018, as a holiday to honor the memory of former President George Herbert Walker Bush and closed the Court. As such, per Rule 6(a)(1)(C), Fed. R. Civ. P., AHFC's deadline to remove is December 6, 2018. A copy of the United States District Court for the Southern District of Florida Administrative Order 2018-92 is attached hereto as **Exhibit G**.

### III. All Procedural Requirements for Removal Have Been Satisfied

11. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and documents from the State Court Action available to AHFC have been attached to this Notice of Removal.

12. Removal is timely in accordance with 28 U.S.C. § 1441(b). Specifically, this removal has been filed within thirty (30) days of proper service of the Complaint, which was November 5, 2018. *See* **Exhibit G**.

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Southern District of Florida, West Palm Beach Division, is the federal judicial district embracing the Circuit Court for Palm Beach County, Florida.

14. Pursuant to 28 U.S.C. § 1446(d), AHFC will promptly file a copy of this Notice of Removal in the State Court Action, and give written notice of the removal of this action to Plaintiff.

### IV. Consent to Removal by Other Named Defendants

15. 28 U.S.C. § 1446(2)(A) requires all other Defendants that have been properly named and served to consent to the removal. There is no other defendant named in the State Court Action, and therefore this removal is compliant with 28 U.S.C. § 1446(b)(2)(A).

### V. Conclusion

By Notice of Removal, AHFC does not waive any objections it may have as to jurisdiction, venue, or any other defenses or objections it may have to this action. AHFC intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas. If any question should arise as to the propriety of the removal of this action, AHFC requests the opportunity to submit a brief and present oral argument in support of its position that this case has been properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

Dated: December 6, 2018

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

/s/ *Justin W. Dixon*
Carter Burgess, Esq.
Florida Bar No. 58298
Justin W. Dixon, Esq.
Florida Bar No. 105860
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872
Email: carter.burgess@hklaw.com
justin.dixon@hklaw.com

*Attorneys for American Honda Finance Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of December 2018, a true and correct copy of the above and foregoing has been filed using the Court's CM/ECF filing system, and a true and correct copy of the filing will be provided via email to the Plaintiff, *pro se,* at carlos4358@live.com.

/s/ *Justin W. Dixon*
Attorney